# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Drew Frescoln

### DEFENDANTS
Swarthmore College

**(b)** County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia PA 19110 (215) 557-9550

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** / **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1981

Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: NONE
DOCKET NUMBER: _____

DATE: August 2, 2021

SIGNATURE OF ATTORNEY OF RECORD: *(signed)* Robert T Vance Jr

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Delaware County, Pennsylvania__

Address of Defendant: __Swarthmore, Pennsylvania__

Place of Accident, Incident or Transaction: __Swarthmore, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: __NONE__    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [•] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __August 2, 2021__    _/s/ Robert T Vance_    __37692__
                            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

**A.   Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [✓] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
    *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert T Vance Jr__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __August 2, 2021__    _/s/ Robert T Vance_    __37692__
                            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**United States District Court for the Eastern District of Pennsylvania**

| | | |
|---|---|---|
| Drew Frescoln | : | |
| | : | |
| vs | : | Civil Action No. |
| | : | Jury Trial Demanded |
| Swarthmore College | : | |

## *Complaint*

Plaintiff, Drew Frescoln, brings a series of claims against defendant, Swarthmore College, of which the following is a statement:

### *Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331 and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991).  This Court may exercise supplemental jurisdiction over Ms. Clemente's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that defendant is a resident of this judicial district and a substantial part of the events and omissions giving rise to this cause of action occurred in this judicial district.

### *The Parties*

3. Plaintiff, Drew Frescoln, is a White male citizen of the United States and a resident of this judicial district.

4. Defendant, Swarthmore College, is a private liberal arts college located in Swarthmore, Pennsylvania.

5. At all times relevant to this action, defendant was an "employer" within the meaning of Section 1981 and applicable state law.

6. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

*Background Facts*

7. Drew Frescoln worked for defendant as a part-time Public Safety Officer (PSO) in the Public Safety Department from September 2008 until his employment was terminated on May 4, 2021 because of his race.

8. At all times relevant to this Complaint, Mr. Frescoln satisfactorily performed the duties of a PSO. He typically worked 28-30 hours/week.

9. In or about February 2020, defendant hired Candis Evans, a Black female, as a Sergeant in the Public Safety Department.

10. Sgt. Evans had 15 subordinate employees: 10 PSOs, including Mr. Frescoln, and 5 Corporals.

11. From the inception of her employment, Sgt. Evans unfairly and routinely criticized Mr. Frescoln's performance and the performance of her non-Black subordinates, and treated Mr. Frescoln in an unprofessional manner.

12. In mid-October 2020, without justification, Sgt. Evans issued a written disciplinary warning to Mr. Frescoln for lateness and insubordination related to an incident that occurred on October 8, 2020.

13. In response, Mr. Frescoln complained to defendant's Human Resources Department about Sgt. Evans's conduct towards him, including

     a.     continual treatment in an unprofessional manner;

     b.     unfairly criticizing him about the manner in which he conducted a building check;

     c.     favoritism shown by Sgt. Evans to her non-Black subordinates;

     d.     Sgt. Evans soliciting from other employees their assessment of Mr. Frescoln's performance, but failing to solicit from Mr. Frescoln his assessment of other employees;

     e.     criticizing him for allegedly arriving late to work in the presence of other employees; and

     f.     Sgt. Evans's attempt on October 23, 2020 to discipline Mr. Frescoln in the presence of other employees.

14.    Defendant's Human Resources Department did not take Mr. Frescoln's complaints against Sgt. Evans seriously, and contrary to policy, referred it to the Public Safety Department.

15.    John S. Bera, defendant's Associate Director of Public Safety, allegedly investigated Mr. Frescoln's complaints against Sgt. Evans. On or about October 28, 2020, Mr. Bera submitted the report of his investigation to defendant's Director of Public Safety, Michael Hill. In his report, Mr. Bera found that the vast majority of Mr. Frescoln's complaints were either unfounded or unsubstantiated.

16.    There was no basis for the conclusions found by Mr. Bera, and his investigation was inadequate and biased against Mr. Frescoln because of his race.

17.    Subsequent to the issuance of the report by Mr. Bera, Sgt. Evans continued to unfairly and without justification criticize Mr. Frescoln's job performance, including reducing his hours to 20 hours/week, and in so doing created and perpetuated a hostile work environment based on his race.

18. In March 2021, consistent with defendant's policies and procedures, in advance of the start of his shift, Mr. Frescoln called out from work because his son suffered a head injury.

19. Defendant contended, however, that Mr. Frescoln violated its policies and procedures in connection with calling out from work. As a consequence, defendant, without justification, disciplined Mr. Frescoln by requiring that he submit to verbal counseling.

20. On or about May 4, 2021, Mr. Frescoln was summoned to a Zoom meeting with Mr. Hill and Paula MacDonald, defendant's Director of Human Resources. During the meeting, Mr. Frescoln was told by Mr. Hill that he was being terminated because he was late to work in March and that he was combative.

21. In a text message later that day, Mr. Hill stated to Mr. Frescoln, "I appreciate your service, but I am going in a difference direction."

22. In a subsequent text message from Gregory N. Brown, defendant's Vice President for Finance and Administration, Mr. Frescoln was told, "[y]our actions and disrespect for others in the workplace are unacceptable to the work of the department or the College," and that "your poor comportment on the job has led to our decision to sever your employment."

23. There was no basis in fact for the statements made by Mr. Hill and Mr. Brown about Mr. Frescoln's demeanor, attitude or job performance.

24. Mr. Frescoln suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of the racially hostile work environment created, perpetuated and condoned by defendant.

25. Defendant created, perpetuated and condoned a racially hostile work environment, discriminated against Mr. Frescoln and terminated his employment because of his race.

26. Solely by reason of defendant's race discrimination and creation of a racially hostile work environment, Mr. Frescoln suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

27. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Mr. Frescoln's rights.

### Count I

### The Civil Rights Act of 1866, 42 U.S.C. §1981

28. Plaintiff restates and realleges paragraphs 1-29, inclusive, as though set forth here in full.

29. Mr. Frescoln had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by non-White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

30. Defendant's conduct described above deprived Mr. Frescoln of the rights, privileges and immunities guaranteed to him under Section 1981.

31. Solely by reason of defendant's race discrimination and creation of a racially hostile work environment, Mr. Frescoln is entitled to all legal and equitable relief available under Section 1981.

## Jury Demand

32. Mr. Frescoln hereby demands a trial by jury as to all issues so triable.

## Prayer for Relief

Wherefore, Plaintiff, Drew Frescoln, respectfully prays that the Court:

a. adjudge, decree and declare that defendant has engaged in illegal race discrimination, and that the actions and practices of defendant complained of herein are violative of her rights under Section 1981;

b. order defendant to provide appropriate job relief to Mr. Frescoln, including reinstatement;

c. enter judgment in favor of Mr. Frescoln and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Mr. Frescoln associated with this case pursuant to 42 U.S.C. § 1988;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full

compliance with the law.

_____
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street - Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Drew Frescoln*